UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GRETCHEN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-1006 NAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Gretchen Carter's (Carter) application for disability insurance benefits and social security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court heard oral argument in this matter on July 22, 2015. Based on the following, the Court will reverse and remand the Commissioner's decision.

**I.      Issues for Review**

Carter asserts that the administrative law judge (ALJ) erred in her residual functional capacity determination (RFC), improperly analyzed the medical evidence, failed to order a consultative examination as previously ordered by the Court, and erred in the credibility assessment. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole.

## II. Standard of Review

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

### III. Discussion

#### A. Case History

In 2009, Carter filed applications for disability insurance and SSI benefits. (Tr. 102-106.) The Social Security Administration ("SSA") denied Carter's claim and she timely filed a request for hearing before an administrative law judge ("ALJ"). (Tr. 61-67, 68-72.) The SSA granted Carter's request and the hearing took place on February 24, 2010. (Tr. 21-60.) The ALJ issued a written decision on June 12, 2010. (Tr. 10-20.) Carter requested review of the ALJ's decision from the Appeals Council. (Tr. 6.) On June 30, 2011, the Appeals Council denied Carter's request for review. (Tr. 1-5.) Carter filed an appeal in this Court on August 26, 2011. *See Carter v. Astrue*, No. 4:11-CV-1485 NAB (E.D. Mo. May 14, 2013). During the pendency of Carter's appeal in this court, on April 16, 2013, the SSA found Carter disabled as of May 18, 2011 based on a subsequent application for SSI benefits. (Tr. 999-1005.) On May 14, 2013, this Court reversed and remanded the case to the Commissioner to conduct a consultative examination in determination of Carter's residual functional capacity (RFC), because the RFC determination was not supported by substantial evidence in the record as a whole. *Id.* The Court was unaware that Carter had been granted benefits before it issued the May 2013 opinion.

After the Court's decision, the Appeals Council remanded the case to the ALJ and instructed the ALJ to comply with the Court's order and review additional evidence submitted with the subsequent claim. (Tr. 1024.) Because Carter was granted benefits as of May 18, 2011, the Appeal Council suggested that the ALJ obtain the testimony of a medical expert to address the issue of onset of disability prior to May 18, 2011. (Tr. 1024.) On December 2, 2013, the ALJ held a second administrative hearing. (Tr. 952-975.) After the hearing, the ALJ again

denied benefits for the time period from November 15, 2004 to May 17, 2011. (Tr. 934-944.) The parties have represented to the Court that Carter did not file exceptions to the ALJ's decision. Carter filed this current appeal on May 30, 2014. [Doc. 1.]

    **B.    RFC Determination**

Carter contends that the ALJ's RFC determination was not supported by substantial evidence in the record as a whole. The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907. "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Willcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. §§ 404.1527(b), 415.927(b).

On remand, the ALJ found that Carter had the severe impairments of insulin-dependent diabetes, diabetic minimal degenerative changes in the first interphalangeal and metacarpophalangeal joint of the left hand, retinopathy, obesity, hypertension, and a history of right bicep tendonitis. (Tr. 937.) The ALJ determined that Carter had the RFC to lift and carry

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

20 pounds occasionally and 10 pounds frequently; stand, walk, and sit six hours out of an eight-hour workday, and frequently reach overhead. (Tr. 937.) The ALJ also determined that Carter must avoid climbing ropes, ladders, and scaffolds. (Tr. 937.)

Despite the Court's previous order directing the ALJ to order a consultative examination to evaluate Carter's ability to sit, stand, walk, lift, and carry, as well as any other work activities in an ordinary work setting on a regular and continuing basis, the ALJ did not do so. The ALJ provided the following reason for failing to comply with the Court's order:

> The undersigned finds that numerous examinations occurred near the claimant's alleged period of disability and finds [that] an additional examination now in 2014 would be of little evidentiary value in assessing claimant['s] impairments and limitations between 2004 and 2011. The undersigned has considered additional evidence submitted with the subsequent claim, per the instruction by the Appeals Council.

(Tr. 934-35.)

"Where a court finds that the [Commissioner] has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." *Sullivan v. Hudson*, 490 U.S. 877, 885 (1989). "Deviation from the Court's remand order in the subsequent administrative proceedings itself is legal error, subject to reversal on further judicial review." *Id.* at 886. "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings." *Brachtel v. Apfel*, 132 F.3d 417, 419 (8th Cir. 1997). The law of the case doctrine applies to administrative agencies on remand. *Id.* at 420. "Specifically, the law of the case doctrine requires the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a

compelling reason to depart." *Patrick v. Astrue*, 4:08-CV-255 DJS, 2009 WL 2487131 at *8 (E.D. Mo. Aug. 13, 2009) (citing *Grigsby v. Barnhart*, 294 F.3d 1215, 1218 (10th Cir. 2002)). "The three 'exceptionally narrow' reasons to depart from the law of the case doctrine include: (1) evidence in a subsequent trial is substantially different; (2) controlling authority subsequently makes a contrary decision regarding the law applicable to that issue; and (3) the decision is clearly erroneous and its application would be manifestly unjust." *Id.*

During oral argument, the Commissioner conceded that the law of the case doctrine applies to the Social Security Administration, but argued that significant new evidence was introduced into the case from Carter's second claim. The Commissioner contends that the "new" evidence met the first exception to the law of the case doctrine. The Court disagrees. The parties agree that subsequent medical evidence shows that Carter's condition deteriorated during the length of these proceedings. The subsequent medical evidence was not "substantially different" from the evidence already in the record. The subsequent medical demonstrated a progression of Carter's impairments, not that she had improved or did not suffer from any impairments at all.

In short, the ALJ reviewed the evidence, which the Court previously stated was not fully developed and did not constitute substantial evidence, and produced a RFC determination with the same sitting, standing, walking, lifting, and carrying requirements as the previous RFC determination. The ALJ's reasoning for failure to follow the Court's directive is insufficient. On remand, courts have ordered consultative examinations or review of a claimant's medical records to ascertain an onset date of disability even after a claimant's death. *See Crawford v. Colvin*, No. 4:13-CV-201 NAB, 2014 WL 1315017 at *4 (E.D. Mo. Mar. 31, 2014); *Thompson v. Colvin*, No. 4:12-CV-1530 CDP, 2013 WL 5355466 at *13, n. 6 (E.D. Mo. Sept. 24, 2013).

Therefore, the passage of time is not dispositive as to whether a consultative examination would be beneficial or could be completed.

The Court's finding that the RFC determination was not supported by substantial evidence coupled with the Commissioner's finding of disability beginning in May 2011 demonstrates the importance of obtaining medical evidence regarding the onset date of disability. The Social Security regulations provide for the use of medical advisors for this very reason. "With slowly progressing impairments, it is sometimes possible to obtain medical evidence establishing the precise date an impairment became disabling." SSR 83-20, 1983 WL 31249 at *2 (1983).

> How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

SSR 83-20, 1983 WL 31249 at *3 (1983). The Appeals Council suggested the use of a medical advisor to the ALJ in its remand order. (Tr. 1024.)

At this juncture of the case, the Court must review the ALJ's February 7, 2014 decision to determine whether it is supported by substantial evidence in the record as a whole. Based on the Court's independent review of the record in this case, the Court finds that the ALJ's opinion does not provide support for the RFC determination, thus the finding of no disability is not supported by substantial evidence. Although the ALJ provides a summary of the evidence in the case record during the time period between 2004 and 2011, there is not enough evidence in the record addressing the limitations for sitting, standing, walking, lifting, and carrying. The ALJ

has a duty to fully develop the record. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006). The record was not fully developed in this case. RFC determinations are medical determinations. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). "[T]he ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace.'" *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2003). The ALJ's opinion shows that she discounted all of the medical opinion evidence and then speculated in her analysis of the claimant's condition. *Willcockson*, 540 F.3d at 881 (ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record). As stated earlier, the unique posture of this case requires additional evidence to determine Carter's residual functional capacity and ultimately, her disability status between the alleged onset date, November 15, 2004 and May 17, 2011. Therefore, the Court will reverse and remand this action to the Commissioner for further review.

**V.     Conclusion**

Based on the foregoing, the Court finds that the Commissioner's decision is not supported by substantial evidence on the record as a whole. The Court has the power to "enter, upon the pleadings and transcript of the record, a judgment, affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. 405(g). When a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings. *Buckner v. Apfel*, 213, F.3d 1006, 1011 (8th Cir. 2000).

"Where the total record convincingly establishes disability and further hearing would delay the receipt of benefits, this court has ordered the immediate award of benefits without

further delay." *Blakeman v. Astrue*, 509 F.3d 878, 890 (8th Cir. 2007). That standard has not been met here. Therefore, the Court will reverse and remand the Commissioner's decision and order the Commissioner to conduct a consultative examination or consult a medical advisor in determination of Carter's residual functional capacity during the period of time from the alleged onset date of disability to May 17, 2011 and make a new determination of disability during that time period.

The Court is aware that upon remand, the ALJ's decision as to non-disability may not change after addressing the deficiencies noted herein, but the determination is one the Commissioner must make in the first instance. *See Buckner*, 213 F.3d at 1011 (when a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings); *Leeper v. Colvin*, No. 4:13-CV-367 ACL, 2014 WL 4713280 (E.D. Mo. Sept. 22, 2014) (ALJ duty to make disability determination). Because Carter first applied for benefits in 2009 and it is now 2015, the Commissioner is urged to begin proceedings without delay and resolve this case as soon as possible.

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Carter seeks in her Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**. [Docs. 1, 17.]

**IT IS FURTHER ORDERED** that the ALJ's decision of February 7, 2014 is **REVERSED** and **REMANDED**.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will be filed contemporaneously with this Memorandum and Order remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4.

Dated this 22nd day of July, 2015.

                                             /s/ Nannette A. Baker
                                            NANNETTE A. BAKER
                                            UNITED STATES MAGISTRATE JUDGE